UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIANA LOVEJOY**,<br><br>                           Petitioner,<br><br>    vs.<br><br>**MICHAEL PALLARES, Warden**,<br><br>                           Respondent. | Case No.:  3:22-cv-00267-L-KSC<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR STAY AND ABEYANCE PENDING EXHAUSTION IN STATE COURT**<br>**[Doc. No. 2]** |

Petitioner, a state prisoner, has filed a Petition for Writ of Habeas Corpus, which includes eleven claims. [Doc. No. 1.] Petitioner represents that she has fully exhausted four of these claims in the state court system and that seven of her claims have not yet been exhausted. [Doc. No. 1, at pp. 6-17; Doc. No. 2, at pp. 4-5.]

This matter is now before the Court on petitioner's Application to Hold Federal Habeas Petition in Abeyance Pending Exhaustion of Potentially Dispositive Issues in State Court. [Doc. No. 2.] Petitioner argues that stay and abeyance of her Petition is proper under *Rhines v. Weber*, 544 U.S. 269 (2005), because her unexhausted claims are potentially meritorious and because there is good cause for her failure to exhaust all her claims before filing her federal Petition. [Doc. No. 2, at p. 5.] Respondent has filed an Opposition to petitioner's Motion, arguing that her request for stay and abeyance should

be denied, because she has not shown good cause and because two of her seven unexhausted claims are not cognizable on federal habeas review. [Doc. No. 8, at pp. 3-5.]

## *Background*

Petitioner is currently serving a total term of 26 years to life in prison for conspiracy to commit murder and attempted murder. *People v. Lovejoy et. al.*, No. D073477, 2020 WL 4332967 at 6 (Cal. Ct. App. filed July 28, 2020). On September 30, 2020, the California Supreme Court denied review of petitioner's conviction in Case No. S264028. [Doc. No. 2, at p. 6; Doc. No. 1, at p. 3.] Petitioner filed her Federal Petition on February 25, 2022. [Doc. No. 1.] Shortly thereafter on February 28, 2022, petitioner filed the instant Application [Doc. No. 2] and a request for resentencing in the state trial court. [Doc. No. 2-1, at p. 1.]

Citing relevant statutes, rules, and case law, petitioner believes that the judgment against her became final on March 1, 2021; that the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") then began to run; and that AEDPA's one-year statute of limitations was set to expire one day after she filed her February 28, 2022 request for resentencing in the state trial court based on a change of California law under SB 775. [Doc. No. 2, at pp. 5-6; Doc. No. 2-1, at pp. 1-3.] She also believes that the filing of her request for resentencing in the state trial court "arguably commenced tolling" of AEDPA's one-year statute of limitations. [Doc. No. 2, at p. 6.] If her request for resentencing is denied, petitioner represents that she intends to appeal the denial to the California Court of Appeal and the California Supreme Court. [Doc. No. 2, at p. 6.]

Based on information provided by petitioner, Senate Bill 775, which became effective January 1, 2022, amended California Penal Code Section 1170.95,[1] and provided a process by which an individual who was previously convicted of certain

---

[1]   Effective June 30, 2022, Section 1170.95 was re-numbered and is now found at Section 1172.6.

charges, such as murder or attempted murder under the felony murder rule or natural and probable consequences doctrine, may petition the original sentencing court for resentencing. [Doc. No. 7, at p. 5.] The new law allegedly applies retroactively to all cases. [Doc. No. 7, at 5.] Petitioner represents that her February 28, 2022 request for re-sentencing seeks an interpretation and expansion of the new law so that it is applicable to convictions for conspiracy to commit murder where vicarious liability instructions are incorporated into the jury instructions, as occurred at petitioner's trial. [Doc. No. 2, at pp. 4-5.]

## *Discussion*

### A. *Stay and Abeyance Under Rhines v. Weber.*

In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that a district court must dismiss a habeas petition filed by a state prisoner that contains both exhausted and unexhausted claims (*i.e.*, a "mixed petition"), so that state courts will have "the first opportunity to review all claims of constitutional error." *Id.* at 518-522. After AEDPA became effective in 1996, the Supreme Court in *Rhines v. Weber*, 544 U.S. at 276, acknowledged that "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any review of their unexhausted claims" because of "the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement." *Id.* at 274.

The petitioner in *Rhines v. Weber* filed an amended petition "asserting 35 claims of constitutional defects," and the state "challenged 12 of those claims as unexhausted." *Id.* at 272. By the time the district court ruled that eight of the petitioner's claims were not exhausted, AEDPA's one-year statute of limitations had expired, and the petition was subject to dismissal because it included unexhausted claims. *Id.* at 272-273. If the district court dismissed the petition, the petitioner would have been barred from returning to federal court after exhausting his unexhausted claims. *Id.* at 273. Therefore, the Supreme Court in *Rhines v. Weber* concluded that "stay and abeyance" is permissible "in

///

limited circumstances" and remanded the case for a determination of whether it was an abuse of discretion for the trial court to grant a stay. *Id.* at 278-279.

The Supreme Court in *Rhines v. Weber* also indicated "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278.

In this case, the Petition indicates that grounds five through eleven are unexhausted. [Doc. No. 1, at p. 17.] Grounds five and six are claims for ineffective assistance of trial counsel under the Sixth Amendment. Grounds seven, eight, and nine allege claims for denial of Due Process under the Fourteenth Amendment. [Doc. No. 1, at pp. 17-20.] The Court notes that petitioner has not provided any proof indicating she is currently pursuing grounds five through nine in a collateral state court proceeding. Grounds ten and eleven relate to petitioner's February 28, 2022 request for resentencing that was pending in the state trial court when she filed the instant Application. In grounds ten and eleven, petitioner alleges that her convictions for attempted murder and conspiracy to commit murder based a theory of vicarious liability were "negated" or "rendered invalid" by changes in California law under Senate Bills 775 and 1437. [Doc. No. 1, at pp. 19-21.] As to grounds ten and eleven, petitioner attached to the instant Application a copy of the Petition for Resentencing she filed in the state trial court on February 28, 2022. [Doc. No. 2-1, at pp. 2-3.] Additionally, petitioner filed a Status Report indicating that her Petition for Resentencing in the state trial court would be fully briefed and ready for consideration as of May 22, 2022. [Doc. No. 7, at p. 2.]

**B.     *Good Cause Requirement.***

Petitioner contends there is good cause for stay and abeyance, because she could not have presented the unexhausted claims in grounds ten and eleven of the Petition any earlier, as they are based on a change in California's sentencing law that did not become

1 | effective until January 1, 2022. [Doc. No. 2, at pp. 4, 8.]  As noted above, the Federal
2 | Petition was filed shortly thereafter on February 25, 2022.  [Doc. No. 1.]
3 |      In opposition to petitioner's request for stay and abeyance, respondent argues that
4 | the January 1, 2022 change in California sentencing law is not enough to establish good
5 | cause, because petitioner has not explained her delay in presenting grounds five through
6 | nine in the state court system and has not provided any proof that she has even presented
7 | these claims in a collateral state proceeding even though she has had the same attorney
8 | who represented her during the direct appeal process.  [Doc. No. 8, at pp. 7-8.]
9 | Respondent further contends that petitioner's Application lacks information about the
10 | status of her other unexhausted claims in grounds five through nine [Doc. No. 8, at pp. 4-
11 | 5.], and that the status of these claims should have been addressed in petitioner's
12 | Application.
13 |      "The good cause element is the equitable component of the *Rhines* test. It ensures
14 | that a stay and abeyance is available only to those petitioners who have a legitimate
15 | reason for failing to exhaust a claim in state court.  As such, good cause turns on whether
16 | the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to
17 | justify that failure." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).
18 |      Here, the missing information on grounds five through nine is not enough to negate
19 | the fact that petitioner could not have pursued grounds ten and eleven until after
20 | January 1, 2022, when the change in California sentencing law became effective.  The
21 | Federal Petition with all eleven grounds and the Application seeking stay and abeyance
22 | were then filed shortly thereafter on February 25, 2022 and February 28, 2022,
23 | respectively.  In this Court's view, it was not unreasonable for counsel to await expected
24 | changes in California sentencing law so that all of petitioner's claims could be presented
25 | at the same time in the Federal Petition along with an accompanying request for stay and
26 | abeyance.  Finally, based on the record before the Court, there is no reason to suspect
27 | petitioner has engaged in "intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at
28 | / / /

270. Therefore, under the circumstances presented, petitioner has established good cause for failing to exhaust all her claims before filing her Federal Petition.

### C. *Potentially Meritorious Claims Requirement.*

Respondent argues that the Court should deny petitioner's request for stay and abeyance, because grounds ten and eleven are not potentially meritorious as they only involve alleged violations of state sentencing laws which are not cognizable on federal habeas review. [Doc. No. 8, at pp. 3-4.] Based on the claims as currently worded in the Petition, respondent is correct. As noted above, grounds ten and eleven merely allege that the convictions against petitioner for attempted murder and conspiracy to commit murder based a theory of vicarious liability were "negated" or "rendered invalid" by changes in California law under Senate Bills 775 and 1437. [Doc. No. 1, at pp. 19-21.]

As noted above, in *Rhines v. Weber*, 544 U.S. at 269, the Supreme Court indicated it would be an abuse of discretion to dismiss a petitioner's unexhausted claims that are "potentially meritorious." *Id.* at 278. The Supreme Court in *Rhines v. Weber* also indicated that a "potentially meritorious" claim is one that is not "plainly meritless." *Id.* at 277. "In determining whether a claim is 'plainly meritless,'" the Ninth Circuit in *Dixon v. Baker*, 847 F.3d 714 (9th Cir. 2017), said that "principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.' [Citation omitted.]" *Id.* at 722.

Although grounds ten and eleven, as currently presented in the Petition, appear to be non-cognizable state law claims, petitioner explains in her Application why she believes the Court should consider them to be potentially meritorious federal claims. First, she contends that enactment of California SB 775 created "a protective liberty interest," so that an adverse ruling by the state court "[c]ould be a cognizable claim under AEDPA if the record establishe[s] the ruling also violate[s] federal due process." [Doc. No. 2, at p. 6.] Second, citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980), petitioner explains in her Application that an adverse ruling by the state court on her request for

resentencing could constitute "an arbitrary failure to follow state statutes or cases" in violation of due process. [Doc. No. 2, at pp. 7-8.] In other words, grounds ten and eleven are speculative, and, for this reason, petitioner must await the rulings in the state court system and then seek to amend the Petition if she is able to state viable federal due process claims based on those rulings. [Doc. No. 2, at pp. 6-7.] Without more, it appears those claims would be barred if they are not considered in this proceeding. For these reasons, the Court is not prepared to find at this point that "it is perfectly clear" petitioner has "no hope" of prevailing on her unexhausted claims. Thus, it is this Court's view that Petitioner's request for stay and abeyance should be granted, because she has satisfied the "good cause" and "potentially meritorious" requirements set for the by the Supreme Court in *Rhines v. Weber*.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that petitioners' Application to Hold Federal Habeas Petition in Abeyance Pending Exhaustion of Potentially Dispositive Issues in State Court is GRANTED. [Doc. No. 2.] IT IS FURTHER ORDERED THAT:

1. **Within ten (10) days of the date this Order is entered**, petitioner must file a report providing the Court with (a) the status of her request for resentencing in the state court system, and (b) proof that she is currently in the process of exhausting grounds five through nine in the state court system.

2. **No later than February 25, 2023**, and every 90 days thereafter, petitioner must file a report outlining the status of all unexhausted claims.

**IT IS SO ORDERED.**

Dated: August 18, 2022

Hon. Karen S. Crawford
United States Magistrate Judge